RALPH JIRIKOWIC, Chairman Board of the Department of VeteransAffairs
You have requested my opinion on the following questions:
 "Under Section 15.05 of Wisconsin Statutes, what powers does the Board [of Veterans Affairs] have relating to the continuation, discipline, and dismissal of the Secretary who is granted an `indefinite term' under the above statute? Does any other entity have power or powers in this regard? If the board has discretion relating to the discipline or dismissal, what standards and procedures should be applied in the exercise of that discretion?"
The answers to your first two questions can be found in secs.15.05 (1), and 17.07 (3), Stats. The relevant language of sec.15.05 (1), reads:
 "(a) If a department is under the direction and supervision of a secretary, the secretary shall be nominated by the governor, and with the advice and consent of the senate appointed, to serve at the pleasure of the governor, . . .
 "(b) If a department is under the direction and supervision of a board, the board shall appoint a secretary to serve at the pleasure of the board, except that the secretary of veterans affairs shall be appointed by the governor with the advice and consent of the senate for an indefinite term, outside the classified service . . . ."
The Department of Veterans Affairs is unique. Section 15.49, Stats., provides that the department is under the direction and supervision of the board. The general rule in such situations, as can be seen from sec. 15.05 (1) (b), is that the board appoints a *Page 230 
secretary who serves at the pleasure of the board. However, sec.15.05 (1) (b), Stats., clearly provides an exception to this general rule in the case of the Department of Veterans Affairs by providing for gubernatorial appointment. The subsection (sec.15.05 (1) (b)), is silent, however, as to whether the secretary is to serve at the pleasure of the board or the governor.
It would be absurd to conclude that the board could terminate the appointment of the governor. The term of office of the secretary is fixed by law as being "indefinite." Such term clearly implies that the appointee is to hold office until removed by the appointing authority. In this regard. sec. 17.07, Stats., specifically provides:
 "Removals from office of legislative and appointive state officers may be made as follows
"* * *
 "(3) State officers appointed by the governor by and with the advice and consent of the senate, . . . by the governor at any time, for cause; . . ."
Accordingly, the Board of Veterans Affairs has no responsibility or authority under sec. 15.05, Stats., or under any other provision of law with respect to the tenure of the secretary of the Department of Veterans Affairs. Such responsibility and authority is vested in the governor as the chief executive officer of the state being separate and distinct from his responsibility and authority as a member of the board under sec. 15.49, Stats.
Removals for cause are governed by sec. 17.16, Stats.
I do not know what type of action you would contemplate within the term "discipline." Under such circumstances, I cannot say unequivocally that the board is powerless to take appropriate action which would conceivably fall within the term "discipline." However, in my opinion, it would not be proper and the board has no authority to discharge, suspend or take any action that would hinder, frustrate or prevent the secretary from performing the duties and responsibilities of his statutory office.
In view of the answers to the first two questions, it is not necessary to answer your third question.
BCL:CAB *Page 231